The Honorable R. Gunner DeLay Prosecuting Attorney Twelfth Judicial District Sebastian County Courthouse 35 South Sixth Street Fort Smith, Arkansas 72901-2421
Dear Mr. DeLay:
You have requested approval, pursuant to the Interlocal Cooperation Act (A.C.A. § 25-20-101 — 108 (Repl. 2002 and Supp. 2007)) of a proposed agreement ("the Agreement") between Sebastian County, Arkansas and Arch Ford Education Service Cooperative ("Arch Ford"), the stated purpose of which is the "obtain substantial savings . . . through volume purchasing." Agreement at 1.
In my opinion, the Agreement is not governed by the Interlocal Cooperation Act. Rather, I believe there is separate, specific authority in the statutes for the Agreement. Accordingly, my approval of the Agreement is not necessary.
As stated in the Agreement, the Arkansas Purchasing Law (A.C.A. §19-11-201 et seq. (Repl. 1998 and Supp. 2007)) provides authority for the services contemplated by the Agreement. The Agreement states: "Authority for such services is granted under Arkansas Code 19-11-206,19-11-230, 19-11-249, 19-11-250, 19-11-251 and [Arkansas] Code6-13-102." I believe this statement is generally correct.[1] In my opinion, A.C.A. § 19-11-249 is the clearest authority for the Agreement. This subsection provides: *Page 2 
 Any public procurement unit may either participate in, sponsor, conduct, or administer a cooperative purchasing agreement for the acquisition of any commodities or services with one (1) or more public procurement units or external procurement activities in accordance with an agreement entered into between the participants. Such cooperative purchasing may include, but is not limited to, joint or multiparty contracts between public procurement units and open-ended state public procurement unit contracts which are made available to local public procurement units.
(Emphasis added).
The definitions pertaining to the type of agreement contemplated by this statute are found in A.C.A. § 19-11-206 (Supp. 2007). This section defines "cooperative procurement" as "procurement conducted by, or on behalf of, more than one (1) public procurement unit or by a public procurement unit with an external procurement activity." Id. at (1). A "[l]ocal public procurement unit" under this statute means, interalia, "[a]ny county, city, town, state agency, and any other subdivision of the state or public agency thereof[.]" A.C.A. § 19-11-206(3)(A) (Supp. 2007).[2] Sebastian County clearly falls within this definition. Regarding Arch Ford, I note that my immediate predecessor had occasion to determine that the definition embraces an education service cooperative in its capacity as an "agency" of a political subdivision. Op. Att'y Gen. 2006-042 (regarding the Dawson Education Cooperative of Arkadelphia, Arkansas). I agree with that analysis, which would apply equally to Arch Ford.
Accordingly, it seems clear that A.C.A. § 19-11-249 authorizes an agreement such as the one you have submitted. Indeed, my predecessor observed the following regarding this subsection:
 A.C.A. § 19-11-249 appears to stand as independent authority for engaging in "cooperative purchasing" as contemplated therein. This *Page 3 
provision was enacted in 1979 as part of the original Arkansas Purchasing Law (A.C.A. § 19-11-201 et seq.), and there is no indication that any law other than the Purchasing Law governs with respect to "cooperative purchasing agreements" entered under § 19-11-249.
Op. 2006-042 at 8.
The Agreement is therefore distinct, in my view, from the type of "joint or cooperative undertaking" authorized under the general authority of the Interlocal Cooperation Act. Cf. Op. Att'y Gen. 1997-413
(declining to apply the Interlocal Cooperation Act to an agreement, entered pursuant to A.C.A. § 26-74-214(b)(2) (Repl. 1997), establishing a sales tax distribution formula other than per capita) and Op. Att'y Gen. 93-134 (same regarding an agreement concerning the distribution of payments received in lieu of taxes, entered pursuant to A.C.A. §14-164-703).
Because the Agreement is not an "Interlocal Agreement" under the Interlocal Cooperation Act, but instead is separately authorized by statute, my review and approval is unnecessary.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I am somewhat uncertain as to the applicability of A.C.A. §§19-11-250 and — 251, although it may be that these provisions will apply, depending upon the particular facts. Subsection 19-11-250
authorizes agreements with respect to "commodities belonging to orproduced by another public procurement unit or external procurement activity. . . ." (Emphasis added.) Subsection 19-11-251 authorizes agreements "for the intergovernmental use of commodities. . . ." (Emphasis added.) For the definition of "public procurement unit" and "external procurement activity," see A.C.A. § 19-11-206 (Supp. 2007).
[2] "External procurement activity" means "any buying organization not located in this state which, if located in this state, would qualify as a public procurement unit." A.C.A. § 19-11-206(2)(A) (Supp. 2007).